**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| LATASHA PEEK o/b/o MP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:17-CV-172-MSH |
| | : | Social Security Appeal |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's minor child's application for supplemental security income benefits prior to January 6, 2016. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a

preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

In a case where a child claimant is seeking entitlement to Title XVI benefits, the following definition of disability applies:

> An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

42 U.S.C. § 1382c(a)(3)(C)(i). Therefore, eligibility depends upon the presence of "marked and severe functional limitations." A sequential evaluation process is used to determine if the child meets the statutory definition of disability. 20 C.F.R. § 416.924 *et seq*. Step one requires the ALJ to determine whether the child is engaging in substantial gainful activity. If so, then the claim is denied. Step two requires that the ALJ determine whether or not the child has a severe impairment or combination of impairments, defined as more than a slight abnormality and causing more than minimal functional limitations. If not, then the claim is denied.

Step three requires the ALJ to decide whether the impairment is medically or functionally equivalent to impairments described in the listings of the regulations. To assess functional equivalence to a listed impairment, the ALJ must evaluate the level of the claimant child's ability to function in six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). If the child has "marked" limitations in two domains, or an "extreme" limitation in one domain, the child's impairment is the functional equivalent of the impairments listed in the Federal Regulations. 20 C.F.R. § 416.926a(a). A limitation is "marked" when the child's impairment or impairments seriously interfere with his ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). When measured by standardized testing, a marked limitation is generally indicated by scores "at least two, but less than three, standard deviations below the mean." *Id*. An "extreme" limitation causes very serious interference with the child's ability to

3

independently initiate, sustain or complete activities and is usually associated with standardized test "scores that are at least three standard deviations below the mean." *Id*. § 416.926a(e)(3)(I).

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Latasha Peek applied for supplemental security income on behalf of her minor child, M.P. ("Claimant"), on December 13, 2013, alleging a disability onset date of November 1, 2011. Her claim was denied initially on March 12, 2014, and on reconsideration on May 14, 2014. Plaintiff made a timely request for an evidentiary hearing before an ALJ on June 19, 2014. The hearing commenced on March 22, 2016, was adjourned to give Plaintiff an opportunity to further develop the medical record, and concluded on June 14, 2016. Both Plaintiff and Claimant appeared at the hearing represented by their attorney and gave testimony. Tr. 18.

On September 2, 2016, The ALJ issued a "partially favorable" written decision finding Claimant disabled but establishing the onset date as January 6, 2016, instead of the date alleged by Plaintiff in her application on Claimant's behalf. Tr. 14-52. Plaintiff sought review by the Appeals Council but was denied on October 12, 2017. Tr. 1-6. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying Claimant supplemental security income benefits prior to January 6, 2016. Her case is ripe for review under 42 U.S.C. 1383(c)(3).

4

## STATEMENT OF FACTS AND EVIDENCE

Claimant was a school-age child when Plaintiff applied for benefits on his behalf. Finding 1, Tr. 21. In conducting the three-step sequential analysis established by the Commissioner's regulations for the evaluation of childhood disability claims, the ALJ found at step one that Claimant has not engaged in substantial gainful activity since the date the application was filed. Finding 2, Tr. 21. At step two, she found that Claimant has severe impairment of attention deficit disorder/attention deficit hyperactivity disorder ("ADD/ADHD"). Finding 3, Tr. 21. At step three, the ALJ found that, prior to January 6, 2016, Claimant's severe impairment did not meet, medically equal, or functionally equal a listed impairment set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. Findings 3, 4, Tr. 21-45. She therefore found Claimant to be not disabled from the date of Plaintiff's application through January 5, 2016. Finding 6, Tr. 45.

The ALJ found that, beginning January 6, 2016, there was medical evidence of record sufficient to support a finding at step two that, in addition to ADD/ADHD, Claimant also has the severe impairment of mild intellectual disability. Finding 7, Tr. 45-46. At step three, she found that these two severe impairments meet the criteria of listing 112.05, para. D of 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 8, Tr. 46-47. Claimant was thus found to be disabled and entitled to benefits as of January 6, 2016. Finding 9, Tr. 47-48.

## DISCUSSION

Plaintiff raises one issue, that the onset date of disability in Claimant's case had to be inferred and the ALJ erred by not seeking the opinion of a medical expert to establish

5

that date. Pl.'s Br. 1, ECF No. 13. The ALJ found that Claimant met the criteria of listing 112.05 for Intellectual Disorders after Claimant underwent the Wechsler Intelligence Scale for Children-Fifth Edition (WISC-V) test on January 6, 2016, and scored a full-scale IQ of 60. Tr. 370-74. This score indicates "significant deficits not only in overall intellectual functioning but also in the fund of knowledge acquired as a result of formal schooling and life experience." Tr. 374.

There is no evidence in the record prior to January 6, 2016 to establish "significantly subaverage general intellectual functioning" as required by listing 112.05. Also, there is not evidence of "a full-scale IQ score of 70 or below on an individually administered standardized test of general intelligence" prior to January 6, 2016, as required by the alternative criteria for listing 112.05. Record evidence shows that before January 6, 2016, Claimant was diagnosed by his pediatrician with ADD/ADHD only, and that this condition was successfully treated with medication. In November 2014, Claimant's pediatrician found he was progressing with "good grades" and "no behavior problems." Tr. 443. It was not until the January 6, 2016, WISC-V test—and follow ups on March 28 and April 15, 2016, with a child neuropsychologist—that there was any evidence that Claimant had any intellectual disability. Tr. 465-71. The ALJ clearly established Claimant's onset of disability date with specific references to the record. Tr. 28, 31-33. The ALJ did not need to infer an onset date and Plaintiff's claim of error is without merit.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 18th day of September, 2018.

                                                  /s/ Stephen Hyles
                                                  UNITED STATES MAGISTRATE JUDGE